UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**, <br><br> **Plaintiff,** <br><br> v. <br><br> **JAMES N. FRY, MICHELLE W. PALM, and ARROWHEAD CAPITAL MANAGEMENT LLC,** <br><br> **Defendants.** | 11 CV 03303 RHK-JJK |

### JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AS TO DEFENDANT MICHELLE W. PALM

Plaintiff, U.S. Securities and Exchange Commission ("SEC") filed a complaint in this matter, and Defendant Michelle W. Palm ("Palm" or "Defendant") having entered a general appearance, consented to the Court's jurisdiction over her and the subject matter of this action; consented to the entry of this Judgment of Permanent Injunction and Other Relief as to Defendant Michelle W. Palm ("Judgment") without admitting or denying the allegations of the complaint (except as to jurisdiction); waived findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure; and waived any right to appeal from this Judgment. (*See* Dkt. No. 3.) The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

### I.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in accordance with Federal Rule of Civil Procedure 65(d), Palm and her agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from, in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act [15 U.S.C. §§77q(a)].

### II.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in accordance with Federal Rule of Civil Procedure 65(d), Palm and her agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, are permanently restrained and enjoined from, violating, directly or indirectly (including, but not limited to, by aiding and abetting any violation of), Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the

statements made, in the light of the circumstances under which they were made, not misleading.

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that, in accordance with Federal Rule of Civil Procedure 65(d), Palm and her agents, servants, employees, attorneys, and persons in active concert or participation with any of them who receive actual notice of this Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from violating, directly or indirectly (including by aiding and abetting a violation of), Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(4)] and Rule 206-4(8) [17 C.F.R. § 275.206.4(8)] thereunder while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, from knowingly, willfully, recklessly, or negligently from engaging in any act, practice or course of business which is fraudulent, deceptive, or manipulative including, but not limited to, making untrue statements of a material fact and/or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Palm shall pay disgorgement of all ill-gotten gains and prejudgment interest on those amounts. The amount of the disgorgement shall be determined by the Court upon motion of the SEC. Prejudgment interest shall be calculated from the date of her receipt of any such ill-gotten gains, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). Upon motion of the SEC, the Court shall determine

whether a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. §77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. §78u(d)(3)], and Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)] is appropriate and, if so, the amount of the penalty.  In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Palm will be precluded from arguing that she did not violate the securities laws as alleged in the SEC's complaint; (b) Palm may not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

### V.

**IT IS FURTHER ORDERED** that Palm's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Palm shall comply with all of the undertakings and agreements set forth therein.

### VI.

### RECORDS PRESERVATION

**IT IS FURTHER ORDERED** that, in accordance with Federal Rule of Civil Procedure 65(d), Palm, including all her agents, servants, employees, attorneys, and persons in active concert or participation with any of them, is hereby restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, altering, disposing of, or otherwise rendering

illegible or indecipherable in any manner, any of the books, records, documents, correspondence, ledgers, accounts, statements, files and other property of or pertaining to the Defendants or any entities owned, managed, or controlled by the Defendants or any matters described in the Complaint filed by the SEC in this action, however maintained and wherever located, until further order of this Court.

## VII.

## NOTICE OF THIS ORDER

**IT IS FURTHER ORDERED** that notice of this Order may be accomplished by delivery of a copy of the Order by first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the SEC, to Palm, and to any bank, savings and loan institution, credit union, financial institution, transfer agent, broker-dealer, investment company, title company, commodity trading company, storage company, or any other person, partnership, corporation, or legal entity that may be subject to any provision of this Order.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the SEC and Palm are expressly authorized to engage in continued discovery regarding any unresolved issue in this case with respect to Palm, including, but not limited to, discovery for the purposes of determining the amount of ill-gotten gains and civil penalties, if any.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that the Court shall retain jurisdiction of this matter for all lawful purposes, including, but not limited to, enforcement of the Judgment.

## X.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is hereby directed to enter this Judgment.

SO ORDERED:

s/Richard H. Kyle<br>UNITED STATES DISTRICT JUDGE

Dated:  November 17, 2011