## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States Securities and Exchange Commission,

          Plaintiff,

v.

James N. Fry, *et al.*,

          Defendants.

Civ. No. 11-3303 (RHK/JJK)
**ORDER FOR JUDGMENT**

      This matter is before the Court on Plaintiff's Second Motion to Lift Stay (Doc. No. 33) and Motion to Dismiss and for Entry of Judgment (Doc. No. 36). The Court having carefully reviewed the Motions and noting that Defendants do not oppose the relief requested therein (see Doc. Nos. 41-42), **IT IS ORDERED** that the Second Motion to Lift Stay (Doc. No. 33) and the Motion to Dismiss and for Entry of Judgment (Doc. No. 36) are **GRANTED**, and all of Plaintiff's claims against Defendant Arrowhead Capital Management LLC, and all claims for monetary relief against Defendants James N. Fry and Michelle W. Palm, are **DISMISSED WITH PREJUDICE**.

      With respect to Defendant Palm, it is further **ORDERED, ADJUDGED,** and **DECREED** that:

      1.    In accordance with Federal Rule of Civil Procedure 65(d), Palm and her agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Court's Judgment by personal service or otherwise, are permanently restrained and enjoined from, in the offer or sale of any

securities by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly, obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 17(a) of the Securities Act, 15 U.S.C. §§77q(a);

    2.    In accordance with Federal Rule of Civil Procedure 65(d), Palm and her agents, servants, employees, attorneys, and all persons in active concert or participation with any of them who receive actual notice of this Court's Judgment by personal service or otherwise, are permanently restrained and enjoined from, violating, directly or indirectly (including, but not limited to, by aiding and abetting any violation of), Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security, to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and

    3.    In accordance with Federal Rule of Civil Procedure 65(d), Palm and her agents, servants, employees, attorneys, and persons in active concert or participation with any of them who receive actual notice of this Court's Judgment by personal service or otherwise, and each of them are permanently restrained and enjoined from violating,

directly or indirectly (including by aiding and abetting a violation of), Section 206(4) of the Investment Advisers Act of 1940, 15 U.S.C. §§ 80b-6(4), and Rule 206-4(8) promulgated thereunder, 17 C.F.R. § 275.206.4(8), while acting as an investment adviser, by use of the mails, and the means and instrumentalities of interstate commerce, directly or indirectly, from knowingly, willfully, recklessly, or negligently from engaging in any act, practice or course of business which is fraudulent, deceptive, or manipulative including, but not limited to, making untrue statements of a material fact and/or omitting to state a material fact necessary to make statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle.

With respect to Defendant Fry, it is further **ORDERED, ADJUDGED,** and **DECREED** that:

1. In accordance with Federal Rule of Civil Procedure 65(d), Fry and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Court's Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the

light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

  2. In accordance with Federal Rule of Civil Procedure 65(d), Fry and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Court's Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; and

  3. In accordance with Federal Rule of Civil Procedure 65(d), Fry and his agents, servants, employees, spouses, attorneys, and all persons in active concert or participation with them who receive actual notice of this Court's Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 promulgated thereunder, 17 C.F.R. § 275.206(4)-8, while acting as investment advisers within the meaning of Section 202(11) of the Advisers Act, 15 U.S.C. § 80b-2(11), by use of the

- 5 -

mails or any means or instrumentality of interstate commerce, directly or indirectly, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they are made, not misleading, to any investor or prospective investor in a pooled investment vehicle or otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  September 30, 2015                          s/Richard H. Kyle
                                                   RICHARD H. KYLE
                                                   United States District Judge