# UNITED STATES DISTRICT COURT
## District of Minnesota

United States Securities and Exchange Commission

                        Plaintiff,

v.

James N. Fry, Michelle W. Palm, Arrowdhead Capital Management LLC

                        Defendant(s).

**JUDGMENT IN A CIVIL CASE**

Case Number: 11-cv-3303 RHK/JJK

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. In accordance with Federal Rule of Civil Procedure 65(d), Fry and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Court's Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security: (a) to employ any device, scheme, or artifice to defraud; (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

2. In accordance with Federal Rule of Civil Procedure 65(d), Fry and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Court's Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly: (a) to employ any device, scheme, or artifice to defraud; (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or (c) to engage in any transaction,

practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser; and

3. In accordance with Federal Rule of Civil Procedure 65(d), Fry and his agents, servants, employees, spouses, attorneys, and all persons in active concert or participation with them who receive actual notice of this Court's Judgment by personal service or otherwise are permanently restrained and enjoined from violating Sections 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 promulgated thereunder, 17 C.F.R. § 275.206(4)-8, while acting as investment advisers within the meaning of Section 202(11) of the Advisers Act, 15 U.S.C. § 80b-2(11), by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they are made, not misleading, to any investor or prospective investor in a pooled investment vehicle or otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

Date: September 30, 2015              RICHARD D. SLETTEN, CLERK

                                              s/Katie Thompson
                        (By)           Katie Thompson, Deputy Clerk